UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE STATE OF NEW YORK,

          Plaintiff,

    -vs-

SOLVENT CHEMICAL COMPANY, INC., and           83-CV-1401C
ICC INDUSTRIES, INC.,

          Defendants/Third-Party Plaintiffs,

    -vs-

OLIN CORPORATION, ET AL.,

          Third-Party Defendants.

---

On September 6, 2006, the court heard oral argument on a motion *in limine* (Item 1332) brought by third-party defendant E.I. du Pont de Nemours & Company ("DuPont") seeking to exclude from trial portions of the proposed testimony of James J. Kohanek, Esq., Solvent's expert witness designated to testify at trial on the issue of equitable allocation of the costs incurred in the remediation of environmental contamination at property located at and adjacent to 3163 Buffalo Avenue, Niagara Falls, New York (the "Site"). Olin Corporation and Recochem Inc. (along with its President, Joseph Kuchar), the other remaining third-party defendants, have joined in DuPont's motion (*see* Items 1334 and 1338).[1] For the reasons that follow, the third-party defendants' motions *in limine* are denied.

---

[1] Third-party defendant General Motors Corporation also filed a motion *in limine* to exclude Mr. Kohanek's testimony (Item 1339). Solvent has recently informed the court that it has agreed to settlement terms with General Motors, rendering General Motors' motion *in limine* moot.

The admissibility of expert testimony at trial is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. This Rule requires the trial judge to ensure that expert testimony be both relevant and reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (". . . *Daubert*'s general holding–setting forth the trial judge's general 'gatekeeping' obligation–applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge.").

The primary purpose of the holdings in *Daubert* and *Kumho Tire* "is to protect juries from being bamboozled by technical evidence of dubious merit . . . ." *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1042 (N.D.Ill. 2003). Of course, this is not a prevailing concern where, as in this case, the court functions as the trier of fact. *See, e.g., American Home Assur. Co. v. Masters' Ships Management S.A.*, 2005 WL 159592, at *1 (S.D.N.Y. January 25, 2005). In such a case, it is the duty of the court conducting the bench trial to assess and weigh the credibility of all expert witnesses, while guided by the *Daubert*/*Kumho Tire* standards of relevance and reliability and aided by the parties' "[v]igorous cross-examination [and the] presentation of contrary evidence[.]" *Henry v. Champlain Enterprises, Inc.*, 288 F. Supp. 2d 202, 221 (N.D.N.Y. 2003) (quoting *Daubert*,

509 U.S. at 596); *see also Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1301-02 (Fed.Cir. 2002). "Disputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony." *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995); *see also Ulico Cas. Co. v. Clover Capital Mgmt., Inc.*, 217 F. Supp. 2d 311, 318 (N.D.N.Y. 2002).

In *United States v. Alcan Aluminum Corp.*, a case pending in the Northern District of New York, Judge Neal McCurn recently denied the defendant's motion to exclude Mr. Kohanek's proposed expert testimony in a CERCLA action, noting that the concerns expressed in *Daubert* and *Kumho Tire* about the need for the trial court to guard against the admission of unreliable scientific or technical evidence are not implicated in a non-jury trial. Judge McCurn held:

> At trial in the case at bar, the Court will be the trier of fact, and consequently will not have to function as a gate-keeper for the jury. Using the discretion given to it, the Court will parse and evaluate the evidence as it comes in. Accordingly, the Court will deny Alcan's motion *in limine*, and will allow the testimony of . . . Mr. Kohanek to come in for its weight and worth.

*Alcan*, unreported Memorandum Decision and Order (June 9, 2006) (copy attached to Item 1356 as Appendix 2).

Following Judge McCurn's lead in *Alcan*, and having fully considered the parties' arguments as set forth in their motion papers and at oral argument, this court believes that the proper approach in this case is to permit Mr. Kohanek to testify at the trial, subject to the opportunity for cross-examination probing his "qualifications, experience, and sincerity; weaknesses in the opinion's basis, the sufficiency of assumptions, as well as the strength

of the opinion." *Blue Cross and Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 324 (E.D.N.Y. 2001) (internal quotation marks and citation omitted); *see also Gonzales v. National Bd. of Medical Examiners*, 225 F.3d 620, 635 (6th Cir. 2000) (district courts conducting bench trials have substantial flexibility in admitting proffered expert testimony at front end, and then deciding for themselves during course of trial whether evidence deserves to be credited by meeting requirements of *Kumho Tire* and *Daubert*); *Ekotek Site PRP Committee v. Self*, 1 F. Supp. 2d 1282, 1296 n. 5 (D.Utah 1998) (district courts presiding over bench trials can decide questions of admissibility and reliability after proffered evidence is presented at trial).

Accordingly, the motions *in limine* filed by third-party defendants DuPont (Item 1332), Olin (Item 1334), Recochem (Item 1338), and General Motors (Item 1339),[2] are denied.

So ordered.

                \s\ John T. Curtin
                JOHN T. CURTIN
                United States District Judge

Dated: September 12, 2006

p:\opinions\83-1401.sep1206kohanek

---

[2] *See* footnote 1, *supra*.