UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE STATE OF NEW YORK,

           Plaintiff,

-vs-

SOLVENT CHEMICAL COMPANY, INC., and           83-CV-1401C
ICC INDUSTRIES, INC.,

           Defendants/Third Party Plaintiffs,

-vs-

OLIN CORPORATION, ET AL.,

           Third Party Defendants.

---

Subsequent to the trial in this consolidated action, Solvent Chemical Co., Inc. and ICC Industries Inc. (collectively referred to herein as "Solvent") filed a motion[1] for leave to amend their complaint against E. I. du Pont de Nemours & Company ("DuPont") to assert a cause of action for cost recovery under section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), based on the United States Supreme Court's holding in *United States v. Atlantic Research Corp.*, ___U.S.___, 127 S. Ct. 2331 (June 11, 2007). DuPont opposes the

---

[1] Solvent also filed post-trial motions to strike the undisclosed testimony of Olin's expert witness, William Hall (Item 1462), to strike certain segments of Olin's post-trial submissions (Item 1482), and to correct errors in the trial record (Item 1491). The motion to correct the trial record has been resolved by stipulation (Item 1499), and the parties have fully briefed the remaining motions. In its May 14, 2008 order, the court advised the parties that it would set a date for argument of these motions prior to the scheduling of final summations and closing arguments. However, upon review of the written submissions, the court has determined that oral argument of the motion to amend is not necessary, and has decided to take up the relief requested by Solvent in the remaining motions as part of its consideration of the matters addressed in the post-trial briefing, proposed findings, and closing arguments.

motion on the ground that the amendment would be futile because the proposed § 107(a) cause of action fails to state a claim upon which relief can be granted.

*Atlantic Research* was written by Justice Clarence Thomas as a follow-up to his decision in *Cooper Industries v. Aviall Services*, 543 U.S. 157 (2004), which held that a private party could seek contribution under CERCLA § 113(f)(1) from other potentially responsible persons ("PRPs") only after having been sued itself under § 106 or § 107(a). After the *Cooper Industries* ruling was issued, DuPont made a motion for summary judgment (its third) in this case arguing that the change in the law occasioned by *Cooper Industries*, as applied in *Consolidated Edison Company of New York, Inc. v. UGI Utilities, Inc.*, 423 F.3d 90 (2d Cir. 2005) ("*Con Ed*"), and *W.R. Grace & Co.–Conn. v. Zotos International, Inc.*, 2005 WL 1076117 (W.D.N.Y. May 3, 2005) (Skretny, J.), required dismissal of Solvent's CERCLA contribution claim because the liabilities resolved in the 1997 Consent Decree between Solvent and the State of New York arose under state law, not under the CERCLA statute. In an order of June 5, 2006 (Item 1330), this court denied DuPont's motion for summary judgment, finding that the limited holding of *Cooper Industries* did not foreclose Solvent's § 113(f)(1) contribution claim against DuPont in this case because the claim had been brought "during or following" the suit brought against Solvent by the State under CERCLA § 107(a).

*Cooper Industries* created more of a problem for Olin with respect to its counterclaim for contribution from Solvent for the Gill Creek cleanup, since Olin was never subject to a § 106 or § 107(a) civil action. Solvent moved to dismiss Olin's contribution counterclaim, but in an order dated June 6, 2007 (Item 1391), this court found that although *Cooper*

*Industries* did seem to preclude Olin from proceeding under § 113(f), Olin could nonetheless seek the relief it needed (*i.e.*, contribution from Solvent for its equitable share of the cost of the Gill Creek remediation) under § 107, relying on the Second Circuit's holdings in *Con Ed* and *Schaefer v. Town of Victor*, 457 F.3d 188 (2d Cir. 2006), as well as *Seneca Meadows, Inc. v. ECI Liquidating, Inc.*, 427 F. Supp. 2d 279, 285 (W.D.N.Y. 2006) (Larimer, J.).

On June 11, 2007–just days after this court's ruling on Olin's counterclaim, the Supreme Court issued its decision in *Atlantic Research,* which addressed one of the questions left unresolved in *Cooper Industries*–whether a PRP foreclosed from relief under § 113(f) might pursue a cause of action for direct cost recovery against other PRPs under § 107(a).  The *Atlantic Research* Court held that any party that has itself incurred cleanup costs (as distinguished from having reimbursed response costs paid by other parties) may seek recovery from other PRPs under § 107(a).  *See Atlantic Research*, 127 S. Ct. at 2338. In doing so, the Court distinguished claims for contribution under § 113(f) and direct cost recovery under § 107(a), but acknowledged that the two sections provided "'similar and somewhat overlapping remedies.'"  *Id.* at 2338 n. 6 (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 816, 114 S. Ct. 1960 (1994)).

> For instance, we recognize that a PRP may sustain expenses pursuant to a consent decree following a suit under § 106 or § 107(a).  In such a case, the PRP does not incur costs voluntarily but does not reimburse the costs of another party. We do not decide whether these compelled costs of response are recoverable under § 113(f), § 107(a), or both.  For our purposes, it suffices to demonstrate that costs incurred voluntarily are recoverable only by way of § 107(a)(4)(B), and costs of reimbursement to another person pursuant to a legal judgment or settlement are recoverable only under § 113(f).  Thus, at a minimum, neither remedy swallows the other . . . .

*Id.* (citation omitted).

Solvent contends that, although the holding in *Atlantic Research* has no substantive impact on any of the parties' claims or defenses in this case, it does necessitate amendment of the pleadings to conform to the current state of the law. According to Solvent, this court's prior rulings remain intact with respect to Solvent's right to maintain a § 113(f)(1) contribution action against DuPont (and for that matter, Olin), but *Atlantic Research* now makes it clear that Solvent also has a cause of action for cost recovery against DuPont under § 107(a), since it is undisputed that Solvent has directly incurred response costs in performing remedial activities at the Site.

For its part, DuPont argues that Solvent has once again failed to state a claim against DuPont upon which relief can be granted under § 107(a) because:

1. DuPont is not a CERCLA liable party for the Solvent facility;

2. Solvent fails to allege that a release at the DuPont Facility caused it to incur any necessary response costs (wherever such costs might have been incurred); and,

3. Solvent is barred from asserting a § 107(a) claim for the costs incurred to conduct the Solvent facility remedy by the language of the "release" executed between Solvent and DuPont in the side agreement entered in connection with the 1997 Consent Decrees.[2]

---

[2] DuPont also argues that Solvent is precluded from asserting a § 107(a) cost recovery claim by the "law of the case," specifically, this court's determination in its June 2005 decision that any such claim would be barred by the contribution protection in DuPont's consent decree. However, the statement relied upon by DuPont was made by the court in the context of summarizing the essence of DuPont's summary judgment argument, and does not amount to a ruling as to whether Solvent might have a viable § 107(a) claim. *See Solvent Chemical Co. v. E.I. DuPont De Nemours & Co.*, 2005 WL 1523570, at *6 (W.D.N.Y. June 28, 2005) ("Thus, it is argued, the actions undertaken by Solvent for the purpose of remediating

This marks at least the fourth time that the court has dealt with, and rejected, these same or very similar arguments. Without reiterating the substance of the court's prior rulings, suffice it to say that there cannot be much ground for dispute at this late stage of the proceedings that the court views the relief sought by Solvent against DuPont as an equitable share of the cost of implementing the groundwater remedy at the Solvent Site, recoverable to the extent Solvent can demonstrate that the detected presence of chlorinated aliphatics in the pumped-out groundwater is associated with DuPont's operations at its adjacent facility. As reflected in those rulings, the court has presided over this protracted litigation and trial with the understanding that this relief would be available in the form of "contribution" under CERCLA.

To reconcile this understanding with *Atlantic Research*, it is helpful to consider the circumstances of this case as substantially similar to the situation alluded to in footnote 6 of Justice Thomas' opinion, quoted above. That is, Solvent has sustained expenses pursuant to a consent decree following a suit under CERCLA § 107(a), and has neither incurred costs voluntarily nor reimbursed the costs of another party. Justice Thomas was clear to point out that *Atlantic Research* did not decide "whether these compelled costs of response are recoverable under § 113(f), § 107(a), or both." 127 S. Ct. at 2338. Accordingly, in the court's view, *Atlantic Research* did not change the law to be applied in resolving the matters remaining in dispute in this action any more than *Cooper Industries*

---

hazardous substances migrating from the DuPont Facility could give rise to a cost recovery claim under CERCLA Section 107–which Solvent has admitted would be barred by the DuPont Decree–but not a contribution claim under CERCLA Section 113."). Whether or not this statement was a correct assessment of the parties' positions, it does not constitute the law of the case, and does not bar the amendment of the pleadings now sought by Solvent.

did, and the amendment of the pleadings sought by Solvent is no more necessary now than it was before trial.

Nonetheless, the court is sympathetic to Solvent's concern that the pleadings conform to the present state of the law, as well as DuPont's concern that the addition of a direct cost recovery claim could ultimately result in joint and several liability for all of the costs incurred by Solvent in implementing the Solvent Site remedy. However, the court has tried to make it clear in its rulings that, regardless of what section of CERCLA is involved, it will make every effort to fairly and equitably apportion liability for the costs of remediation of the environmental harm at the Site, based upon each party's proportionate share determined as a percentage of fault for the contamination of the Site. At no time has the court indicated the likelihood that it would shift the entire cost of the Solvent Site remedy to DuPont, or would allow Solvent a double recovery under both a direct cost recovery claim and a contribution claim.

Even if the court should ultimately find that direct cost recovery under § 107(a) provides the basis for imposing liability for remediating the environmental harm caused by the migration of contaminants from the DuPont facility, DuPont's proposed amended answer contains a counterclaim for contribution under § 113(a) which would engage the court in an equitable apportionment inquiry in any event. Thus, the amendment sought by Solvent would not result in any substantive change to the analytical framework anticipated by the court's prior rulings.

Accordingly, Solvent's motion for leave to amend the pleadings is granted. The "Second Amended Complaint" attached as Appendix A to Item 1497, and the "Answer to

Second Amended Complaint and Counterclaims" attached as Exhibit D to Item 1498, shall be electronically filed forthwith as new docket entries.

Finally, the court has reviewed the post-trial briefs and proposed findings of fact and conclusions of law, and is now in the position to hear closing arguments. To this end, the court finds that it needs further guidance with respect to the parties' respective positions as to the appropriate method for determining each party's proportionate share of responsibility for the environmental harm at issue. Therefore, the court directs each party to submit on or before August 25, 2008 a short written summary of its final proposal for equitable apportionment, not to exceed ten pages. No further post-trial submissions or letters will be accepted.

The court will then set a date for closing arguments.

So ordered.

                                                \s\ John T. Curtin
                                                JOHN T. CURTIN
                                           United States District Judge

Dated: August   5  , 2008
p:\pending\1983\83-1041.jul24.08